[No. 20859.    In Bank. — March 28, 1892.]

THE PEOPLE, RESPONDENT, *v.* O. H. DILWOOD ET AL., APPELLANTS.

CRIMINAL LAW — CIRCUMSTANTIAL EVIDENCE — PROPORTION OF PROBABILITIES — INSTRUCTION. — In a prosecution for a felony, an instruction upon the subject of circumstantial evidence as follows: "As mathematical or absolute certainty is seldom to be obtained in human affairs, reason and public utility require that jurors, as well as all mankind, in forming their opinion of facts, should be regulated by the *superior number* of probabilities on the one side or the other, whether the amount of these probabilities be expressed in words, or arguments, or by figures and numbers," — is prejudicially erroneous, and is not cured by an instruction correctly stating the law.

ID. — EVIDENCE OF CONDUCT AND DECLARATIONS OF CO-CONSPIRATOR. — In a prosecution of one conspirator for larceny, evidence of the appearance, conduct, and declarations of his co-conspirator in the larceny on the day subsequent to the stealing is inadmissible.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Hinds & Merriam*, for Appellants.

*Attorney-General Hart*, for Respondent.

GAROUTTE, J. — The defendant was convicted of grand larceny in stealing a calf, and now prosecutes this appeal.

The court gave the jury the following instruction upon the subject of circumstantial evidence: "As mathematical or absolute certainty is seldom to be obtained in human affairs, reason and public utility require that jurors, as well as all mankind, in forming their opinion of facts, should be regulated by the *superior number* of probabilities on the one side or the other, whether the amount of these probabilities be expressed in words, or arguments, or by figures and numbers." We have looked in vain in our standard works upon criminal law for an indorsement of the principle contained in this instruction of the court. Starkie on Evidence, in discussing this question at page 860, says: "It is very possible, indeed, that mere coincidences may be so numerous as by force of multiplied probability to exclude all reasonable doubt; but this can never happen in the absence of circumstances of a conclusive tendency, unless the probability be increased to an indefinite extent *beyond the reach of mere calculation.* Whenever the probability is of a definite and limited nature (whether in the proportion of one hundred to one, or of one thousand to one, or any other ratio, is immaterial), it cannot be safely made the ground of conviction; for to act upon it in any case would be to decide that, for the sake of convicting many criminals, the life of one innocent man might be sacrificed." This instruction appears to have been before the court in the case of *People* v. *Sansome*, 84 Cal. 449, and Justice McFarland in that case very properly said: "This is not only against the settled rule as to the amount of proof necessary to convict in criminal cases, but is against the express language of the code." The instruction was not only erroneous, but of such a preju-

dicial character that the error was incurable by the giving of further instructions correctly stating the law.

The court erred in admitting evidence as to the appearance, conduct, and declarations of one Deegan, a co-defendant, the day subsequent to the larceny, the defendant being absent. Conceding that Deegan and defendants were co-conspirators in stealing the calf, at this time the theft has been consummated, and the conspiracy a thing of the past. The declarations of a co-conspirator, after the object of the conspiracy had been accomplished, are not admissible in evidence. The authorities relied upon by respondent are cases where a disposition of the stolen property and a division of the proceeds were a part of the scheme or plan of the criminals. The facts of this case do not bring it within the rule there discussed.

Let the judgment and order be reversed, and the cause remanded for a new trial.

McFARLAND, J., DE HAVEN, J., HARRISON, J., SHARPSTEIN, J., and PATERSON, J., concurred