## PEOPLE v. BRADY.

### No. 21,071; June 2, 1894.

#### 36 Pac. 949.

**Robbery—Evidence—Statements of Confederate.**—Where defendant, in the presence of witness, by arrangement with his partner in crime, agreed that witness should accompany his partner, who should tell witness where the stolen property was, and that witness

should get it, and turn it over to defendant's partner, statements made to witness by such partner, in defendant's absence, as to where the property may be found, are admissible against defendant.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Joseph Brady was convicted of robbery, and appeals. Affirmed.

N. C. Bledsoe for appellant; Attorney General Hart and Wm. H. Layson, deputy attorney general, for the people.

PER CURIAM.—The defendant appeals from a judgment and conviction of robbery, and asks a new trial upon various grounds. It is conceded that a robbery was committed, but it is claimed that the evidence at the trial was insufficient to identify the defendant as one of the robbers. Upon examination of the record, we consider the evidence amply sufficient in that regard. The robbery was committed by three men. It is now contended that the judgment must be reversed by reason of the admission in evidence of the statements of one of the robbers made to a third party, and not in the presence of the defendant, the day after the offense was committed. It is an elementary principle of law, which has been recognized by many of the decisions of this court, that the declarations and statements of a co-conspirator, made after the accomplishment of the conspiracy, in the absence of the defendant, are inadmissible: People v. Moore, 45 Cal. 19; People v. English, 52 Cal. 212; People v. Aleck, 61 Cal. 137; People v. Gonzales, 71 Cal. 569, 12 Pac. 783; People v. Irwin, 77 Cal. 494, 20 Pac. 56; People v. Dilwood, 94 Cal. 89, 29 Pac. 420. But the present objection and exception do not furnish a case coming within the principle of law declared in the foregoing authorities. Fairly construed, the circumstances as shown by the record are these: The defendant, in the presence of the witness, and by mutual arrangement with his alleged co-conspirators, agreed that the witness should accompany one of his partners in crime, who should inform him (the witness) where the stolen property was concealed, and that thereupon the witness should secure the possession of the property and turn it over to the co-conspirator. In pursuance of this plan,

and while the two were on the way to the spot where the property was concealed, the co-conspirator described the location of the place, and the stolen property was subsequently found at that point. It is now insisted that the statement made to the witness, in the absence of the defendant, as to the location of the stolen property, should not have been admitted in evidence. We think, under the foregoing circumstances, the defendant has no right to complain of the evidence admitted. The case stands exactly as though he himself had described to the witness the location of the stolen property. There is nothing additional in the record demanding our attention. Judgment and order affirmed.