STATE, Respondent, v. VIOLET, Appellant.

(234 N. W. 623.)

(File No. 7146.   Opinion filed January 30, 1931.)

Ira O. Curtiss, of Aberdeen, for Appellant.

M. Q. Sharpe, Attorney General, and Frank W. Mitchell, Assistant Attorney General, for the State.

BROWN, J. ■ ■ Defendant was charged jointly with Walter Amsden with the larceny of four sacks of alfalfa seed of the value of $165, and from judgment upon a verdict of guilty, and from an order denying a new trial, he appeals. Amsden pleaded guilty, and upon defendant's plea of not guilty the trial court proceeded against him alone. After all of the stolen property had been recovered and was in the hands of the sheriff, and a week or ten days after the arrest of defendants, the sheriff and deputy sheriff claimed to have had a conversation with Amsden in the absence of defendant. They testified, in substance, that in this conversation Amsden stated that he and defendant went in Amsden's car to the house of the owner of the alfalfa seed on an evening when the owner was not at home; that Amsden did not know where they were going when they left Groton and did not know where the alfalfa was until they got to the place where they took it; that coming back to the road straight south of Groton they hid the alfalfa in a tree claim near the railroad track and left it there several days and then moved it up to Zelners place. This alleged conversation with Amsden, testified to by the sheriff and deputy sheriff, was the principal evidence against defendant. There is some evidence tending to connect defendant with joint possession, along with Amsden, of the seed after it was stolen. But it is doubtful if this would be sufficient to warrant finding defendant guilty of the larceny. Amsden as a witness for defendant testified that defendant had no connection with the stealing of the seed. Testimony of the sheriff and deputy sheriff as to the alleged statements of Amsden was given on direct examination as part of the state's main case. When the sheriff was asked to state what was said by Mr. Amsden (it having been shown that defendant was not present), the question was objected to by defendant's attorney upon the ground that it called for hearsay testimony and was incompetent, irrelevant and immaterial. The objection was overruled, and the sheriff proceeded to give full details of the statement he claimed was made to him by Amsden. At the conclusion of the sheriff's testimony on this point, defendant's attorney moved "to strike out all evidence of this witness purporting to come from Mr. Amsden for the reason it is hearsay, not made in the presence of the defendant, and incompetent, irrelevant and immaterial."

The court: "The rule is when two or more men engage jointly

in a criminal enterprise or criminal conspiracy, and the evidence shows such conspiracy, the statements of either one of them is competent evidence against all of them and they cannot escape that responsibility by having separate trials. If Amsden and Violet were being tried together this evidence would be competent, and it is just as competent now as if they were being tried together, and the situation as the evidence stands now is such that anything which Amsden said would be binding on Violet and he can be convicted on that evidence, and anything Amsden says will be admissible against Violet. The evidence may stand."

When the deputy sheriff was asked to relate the same conversation claimed to have been had with Amsden, defendant's attorney interposed the same objection that he had made to the testimony of the sheriff. The objection was overruled, the court remarking that he had already ruled that any statement made by Amsden is binding on defendant. We think it is plain that the court erred in admitting this evidence. The rule is that acts and declarations of coconspirators or codefendants made during the existence of the conspiracy, and in execution or furtherance of the common purpose, are admissible in evidence against the others. 16 C. J. 644. But after the termination of the conspiracy, narrative statements of past events are admissible against the person making them only, and not against a coconspirator. 16 C. J. 656, § 1309. In People v. Oldham, 111 Cal. 649, 44 P. 312, and People v. Collum, 122 Cal. 186, 54 P. 589, such statements are said to be "the purest hearsay."

Counsel for the state endeavor to justify the ruling of the court on this point by the contention that Amsden and defendant had intended to divide "the proceeds of the alfalfa seed," and that at the time of the claimed conversation with Amsden this had not yet been done, and therefore the conspiracy was still in existence, and would continue in existence until such proceeds had been realized and divided. But under this contention it is clear that in this case the conspiracy, like Tennyson's brook, would go on forever. Several days before the alleged conversation with Amsden all of the alfalfa seed had been recovered and was in the custody and control of the sheriff. Amsden and defendant were both under arrest and in jail. There was clearly no possibility of either of them ever realizing or dividing any proceeds of the alfalfa seed.

The conspiracy, if any such existed, terminated when the seed was recovered by the sheriff and the defendants were arrested.

"Arrest of the co-conspirators usually will preclude so effectively any further concerted action as to put an end to the conspiracy, and acts or declarations of one conspirator after his arrest are, therefore, not admissible against another." 16 C. J. 658, § 1311. Webster v. Commonwealth, 223 Ky. 369, 3 S. W. (2d) 754; Bryan v. United States (C. C. A.) 17 F. (2d) 741.

■ The errors assigned by defendant upon remarks by the court in ruling upon objections to evidence are not likely to arise upon another trial, and therefore need not be considered in this opinion. That portion of the instructions to the effect that, if defendant did any act to aid or assist in concealing or disposing of the stolen property knowing it to be stolen, he would be guilty of larceny, is not strictly accurate and should be omitted in the event of another trial.

The judgment and order appealed from are reversed.

POLLEY, P. J., and BURCH, J., concur.

CAMPBELL, J. I think the evidence referred to in the opinion was not admissible under the circumstances presented by this record, and that its admission constituted prejudicial error. I therefore concur in the reversal.

ROBERTS, J., not participating.