OLLIE LANCASTER *et al.* v. STATE.

No. 298.　　Opinion Filed September 21, 1909.

(103 Pac. 1065.)

1. **INDICTMENT AND INFORMATION—Amendment—Leave of Court.** An information may be amended before announcing ready for trial without leave of the court.

2. **SAME.** After the parties announce ready for trial, an information may be amended by leave of the court upon such conditions as will not materially interfere with the rights of the defendant.

3. **CONSPIRACY—Persons Liable—Person Not Present.** Where the evidence shows that two or more persons are acting together in the commission of an offense, they are both guilty, although one of them may not be present when the offense is committed.

4. **INTOXICATING LIQUORS—Unlawful Sale—Evidence—Joint Violators.** Where the evidence shows that two persons are engaged in running a joint, which is furnished with a bar and the usual furniture and glasses which are found in a saloon, and that a quantity of beer and whisky was found in such place and in the warehouse adjacent and attached thereto, and that liquors

had been brought from the depot to such place, and that one of such persons has sold whisky during the absence of the other party, both of them are guilty of the offense committed, because they were jointly engaged in violating the law, and the act of one was the act of both.

5.    APPEAL—Brief—Waiver of Errors. When counsel in their brief merely refer to alleged errors in the record, and fail to state them with sufficient clearness to enable this court to intelligently understand them, and fail to present their arguments and authorities in support of the positions assumed, this court will treat as waived all alleged errors set up in the motion for a new trial or in the assignment of error which refer to mere irregularities in the proceedings. This court will presume that all proceedings in courts of record are regular, and the burden is upon him who assails such proceedings to show clearly the irregularity complained of.

(Syllabus by the Court.)

*Appeal from Pontotoc County Court; Joel Terrell, Judge.*

Ollie Lancaster and Luke Jenkins were convicted of violating the prohibition laws, and they appeal. Affirmed.

The defendants were prosecuted by information for violating the prohibition laws. They were found guilty by the jury and the punishment of the defendant Luke Jenkins was assessed at a fine of $250 and imprisonment in the county jail for 60 days, and the punishment of the defendant Ollie Lancaster was assessed at a fine of $500 and imprisonment in the county jail for 60 days.

*Duke Stone,* for appellants.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. First. The defendants complain that the court erred in permitting the county attorney to amend the information after the defendant had pleaded thereto and the parties had announced ready for trial and the jury had been impaneled. Section 5307, Wilson's Rev. & Ann. St. 1903, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same

can be done without material prejudice to the rights of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

The original information charged the sale of whisky to L. L. Sherwood and Settler Lance. The amended information charged the sale of whisky to L. L. Sherwood alone. This did not add to, but it took from. It did not increase, but it diminished the accusation against the defendants. It in no manner altered the condition of the defendants to their injury. The court did not err ·in permitting the amendment to the information and in refusing to grant a continuance on account of such amendment.

· Second. The counsel for the defendants insist that the evidence against the. defendant Lancaster is not sufficient to sustain the verdict. It is true that no witness swore that Lancaster sold the whisky to Sherwood or was present when it was sold to him. It was proven that the whisky was sold in the place of business of Luke Jenkins and Ollie Lancaster, and that this place of business was what is called a joint. It was proven that, soon after the sale for which these defendants were convicted was made, this joint was raided, and 52 bottles of beer were found in the refrigerator behind the bar, and that beer and whisky were found in the warehouse behind the main building. It was proven that the place of business of defendants was fitted up with a bar and fixtures usually found in such resorts. It was proven that Lancaster paid the rent on the building. It was proven that Lancaster paid a drayman for hauling cases of liquor from the depot to· the place of business conducted by defendants. In the light of the record, we are of the opinion that the evidence not only sustains, but that· it required, the verdict rendered by the jury.

Third. In their brief counsel for the defendants say:

"The defendants also insist that there was error in refusing special requested instructions Nos. 3 and 5, for the reason that a great deal of evidence had been offered on the part of the state showing the receipt of liquor from the depot by the defendants."

But the instructions refused are not set out ·in the brief,

and are only referred to in the most general and indefinite manner. Counsel must in their briefs clearly state the precise error complained of, and must give the arguments upon which they rely, and cite the authorities which sustain their propositions. The matter suggested is not stated with sufficient clearness to enable· this court to understand just· what is relied upon. Our docket is now overcrowded with cases. We cannot spend days in hunting through records to see if we cannot find errors. We are bound to presume that all proceedings in courts of record are regular, and those who assail these proceedings must show, and show clearly, wherein they are irregular.

There are some other matters complained of in the motion for a new trial and set out in the assignment of errors, but as they are not presented in the brief, and as they refer only to mere irregularities, they will be treated as waived. We find no material error in the record.

The judgment of the lower court is therefore affirmed.

DOYLE and OWEN, JUDGES, concur.