J. L. ROSE v. STATE.

No. 184.   Opinion Filed September 25, 1909.

(103 Pac. 1066.)

1.   **APPEAL AND ERROR** — Reversal — Evidence — Sufficiency.
This court will not reverse the judgment of the trial court for lack of evidence where there is competent evidence in the record reasonably tending to sustain the judgment.

2    **INDICTMENT AND INFORMATION**—Amendment—Prejudice.
An information may be amended by leave of court after the defendant has pleaded, if it in no manner alters the condition of the case to his injury.

(Syllabus by the Court.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

J. L. Rose was convicted of illegally selling intoxicating liquors, and he brings error. Affirmed.

*H. S. Pulse* and *Moman Pruiell,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

OWEN, JUDGE.   The counsel for the defendant urge three reasons for reversing the case. They begin their brief by stating:

"The principal contention of the plaintiff in error is, first, that there was no evidence on the hearing of the cause either proving or tending to establish the guilt of the defendant and that the verdict was against the evidence, and for that reason the court erred in, first, not instructing a verdict for the defendant, and, second, in refusing the defendant a new trial after the verdict of guilty."

We find on examination of the record that one witness testified to having stood in the alley, and, looking through the window into defendant's place of business, saw two men at different times enter the place of business and approach the defendant, and, after some conversation, the defendant and the man went behind a bar, which had been formerly used in a saloon run by defendant before statehood; that on returning from behind the bar he saw the defendant put something in his pocket and the other men on

each occasion put something in their pockets. One of the men, on returning to the street, was searched by the witness, who was an officer, and was found to have a bottle of whisky in his hip pocket —the pocket into which the witness saw him put something as he emerged from behind the bar. The other man evaded the officer, and was not searched. Another witness testified to having seen a shipment of five barrels of whisky in the Missouri, Kansas & Texas depot consigned to the defendant. The defendant testified that about the time mentioned in the testimony of witness for the state a man came into his place of business and called for a drink of water, and that he showed him behind the bar where he could get some water. He denied selling whisky to this man or to any other man. His evidence so far as giving the man a drink of water was concerned was corroborated by two other witnesses. The defendant was not asked on the witness stand whether the shipment of five barrels of whisky belonged to him, or was ever received by him. That testimony on the part of the state was not contradicted by either the defendant or any of his witnesses. The jury heard the testimony, saw the witnesses, and returned a verdict of guilty.

The jury was very properly instructed by the court as to the weight of evidence in the following language:

"You are the sole judges of the weight of the evidence and the credibility of the witnesses; and, where witnesses testify directly opposite to each other, you are not bound to consider the weight of evidence evenly balanced, but, in determining the weight and credit that shall be given to the testimony of any witness, you may take into consideration his appearance upon the stand, his manner of testifying, his apparent candor and fairness or lack of the same, his intelligence or lack of intelligence, his opportunity or lack of opportunity for seeing and knowing the things about which he testified, his interest or lack of interest in the result of the action, and, together with all the facts and circumstances shown at the trial, determine the weight and credit that should be given to the testimony of any witness, and give credit accordingly."

This court in the case of *Walter Cox v. Territory of Oklahoma,* 2 Okla. Cr. 668, 104 Pac. 378, in passing on a similar assignment of error, said:

"This court will not disturb a verdict where there is competent evidence in the record reasonably tending to sustain the verdict. * * * There being competent testimony on the part of the state reasonably tending to prove the issue, the verdict will not be disturbed for that reason."

We deem it unnecessary here to cite the authorities that are cited in that case. As was said there:

"The decisions are uniform as to the rule that the judgment of the trial court will not be disturbed where there is competent evidence reasonably tending to sustain the judgment."

The second reason urged by counsel for defendant is:

"That the trial court erred in permitting the state to amend the complaint in this cause after the jury had been impaneled and sworn and after the plaintiff below had rested, and after the defendant below had moved the court to direct the verdict."

In the brief filed by counsel they fail to point out the amendment referred to or the page of the record on which the same may be found. At page 35 of the record, at the conclusion of the testimony on part of the state, and after the defendant had moved the court to direct the verdict, we find the following statement:

"And thereupon the plaintiff asks leave to amend its complaint. By the Court: I think it is a proposition which is entirely a question of fact for the jury to determine as to whether or not there is a sale of whisky, and I will allow the county attorney to amend his complaint so as to conform with the facts. (To which ruling the defendant excepts. Motion to instruct a verdict overruled, and an exception allowed the defendant. Thereupon, the defendant proceeds with the introduction of his evidence as follows, etc.)"

As was held by this court in the case of *Ollie Lancaster and Luke Jenkins v. State of Oklahoma,* 2 Okla. Cr. 681, 103 Pac. 1065, an information may be amended after the defendant has pleaded, if it in no manner alters the condition of the case to his injury. Section 5307, Wilson's Rev. & Ann. St. 1903, is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads without leave, and may be amended after plea on an order of the court where the same can be done without material prejudice to the rights of the

defendant; no amendments shall cause any delay of the trial unless for good cause shown by affidavit."

There is nothing in the record before us to indicate what the amendment was. Neither is there anything in the record nor in the brief filed by counsel to indicate in what manner the condition of the defendant was altered by the amendment. Whatever the amendment was, we feel safe in assuming the learned counsel whose names appear on the brief would have complained to the trial court by pointing out how the defendant would be injured and asked a continuance of the case if the amendment was one that was calculated to do injury to the defendant. And they would have made it appear in the record as to what the amendment was, and would have pointed out to this court in their brief how the defendant was injured.

The third reason assigned by counsel is:

"That the affidavits of the defendants Rose and of the witness McGuire show not only surprise to the defendant at the trial, but the discovery of sufficient material evidence to warrant the trial court in setting aside the verdict and granting a new trial; that, on the whole, there was no evidence warranting a verdict upon the showing made by the state, and that, aside from this, the defense by the testimony of undisputed witnesses positively and absolutely proved their case, and therefore the verdict is against the weight of the evidence, and, on the whole, is contrary to law, and should be by this court reversed."

The affidavit of McGuire is to the effect that McGuire is the station agent of the Missouri, Kansas & Texas Railway, and from his personal knowledge of the records of his office no consignment of liquor was received in his office for the defendant. The affidavit of Rose is to the effect that he was surprised by the testimony of the witness as to the consignment of liquor, and for that reason did not have a fair trial. Inasmuch as the defendant Rose failed while on the witness stand to deny the consignment of liquor, we are forced to believe that he was not very greatly surprised by the testimony, or else did not consider it a very material question. If he was surprised by that testimony, the time to have said so was when the evidence was introduced. The records show this case

was tried in Oklahoma City. The witness testified to seeing the consignment of whisky in the Missouri, Kansas & Texas depot in Oklahoma City. The defendant could easily have requested a suspension of the case until he could send to the depot and secure the attendance of the agent, McGuire. This did not partake of the nature of newly discovered evidence. He knew whether he had received a consignment of whisky, and could easily have secured the attendance of the agent, together with his records, but the record in this case fails to disclose any effort on his part to do so. We do not think these two affidavits were sufficient to warrant the trial court in setting aside the verdict and granting a new trial.

There being no error disclosed by the record, the judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.