## JOE ROLLEN v. STATE.

No. A-1073. Opinion Filed August 26, 1912.

(125 Pac. 1087.)

1. **INDICTMENT AND INFORMATION**—Amendment—Time. By leave of court, an information may be amended, as to matters of substance or form, after a plea of not guilty has been entered, and before the trial is begun.

2. **SAME**—Form. By leave of court, an information may be amended, as to matters of form, after the jury has been impaneled, when the same can be done without prejudice to the substantial rights of the defendant.

3. **HOMICIDE**—Assault to Kill. One who seeks and brings on an affray cannot shield himself under a plea of self-defense.

4. **SAME**—Self-Defense. On the facts of this case, it is considered by the court that there was no evidence tending to show that the shooting was in self-defense.

5. **SAME**—Appeal—Prejudice. Error, if any, in an instruction defining the law of self-defense was not prejudicial to defendant, where the evidence did not justify an instruction on self-defense.

(Syllabus by the Court.)

*Appeal from District Court, Wagoner County;*
*John H. King, Judge.*

Joe Rollen was convicted of shooting Ray Feaster with intent to kill, and he appeals. Affirmed.

*Archibald Bonds* and *J. I. Howard,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

DOYLE, J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of the crime of assault with

intent to kill by shooting one Ray Feaster, and was sentenced, in accordance with the verdict of the jury, to imprisonment for five years in the penitentiary. The defendant was prosecuted under an information filed September 24, 1910, and the case was tried December 10, 1910. The judgment and sentence was entered on December 13, 1910.

The information charged:

"That Joe Rollen did, in Wagoner county and in the state of Oklahoma, on the 27th day of August in the year of our Lord one thousand nine hundred and ten, and anterior to the presentment hereof, commit the crime of assault with intent to kill, in the manner and form as follows, to wit: That the said Joe Rollen, at and in the county and state aforesaid, on the day, month, and year aforesaid, did then and there intentionally, wrongfully, unlawfully, and feloniously upon one Ray Feaster, with a certain deadly weapon, to wit, a loaded pistol, in the hands of him, the said *Ray Feaster,* then and there held with force and violence, make an assault and battery by then and there shooting and wounding him, the said Ray Feaster, with the felonious intent then and thereby to kill and murder him the said Ray Feaster, contrary," etc.

Upon arraignment the defendant entered a plea of not guilty. The case was called for trial, and after the jury had been impaneled to try the case, and the state had placed the prosecuting witness, Ray Feaster, on the stand to testify, the state asked leave of court for permission to amend the information by changing the name Ray Feaster, underscored above, to Joe Rollen. The court permitted this amendment to the information to be made by drawing a line through the name Ray Feaster and writing the name Joe Rollen just above the same. The defendant excepted, and moved the court to direct the jury to acquit, which motion was overruled. Thereupon the amended information was filed. The defendant, not objecting to proceeding with the trial, and not asking for additional time in which to plead, stood mute. The court ordered a plea of not guilty entered for him, and the trial proceeded.

The learned counsel for the defendant now contend that:

"There being no process of law by which an indictment may be amended, and no provisions of the statute authorizing

the amendment of an information charging felony, the court was without power to allow an amendment of the information, after the defendant had been put upon his trial in said cause; therefore the court erred in permitting the county attorney to amend this information."

We do not think that this contention is well founded. The amendment was one in matter of form only. The original information sufficiently charged the offense, when not attacked by demurrer thereto.

"Even in the absence of a statute, information, not being found upon the oath of a grand jury, but filed by the public prosecutor, may be amended, either in matter of form or substance, by leave of court, at any time before trial, even after motion to quash, demurrer, or plea; and the rule applies to informations for felonies under statutes allowing such mode of prosecution, although at common law prosecution by information was limited to misdemeanors. But an information cannot be amended in matter of substance after trial and verdict, or, by the weight of authority, even during the trial." (22 Cyc. 436.)

Counsel does not point out in what manner the defendant was prejudiced by this action of the court.

In the case of *Chandler v. State*, 3 Okla. Cr. 254, 105 Pac. 375, 107 Pac. 735, this court passed upon this question. Mr. Justice Owen, delivering the opinion of the court, said:

"There is nothing in the record which would indicate that it was with material prejudice to the rights of the defendant. Counsel do not undertake in the brief to indicate how the defendant was prejudiced by the interlineation, and if they are not able to point out any substantial right denied the defendant, or any prejudice done him, certainly this court would not be expected to assume that the court erred in permitting the county attorney to make the amendment."

In Bishop's New Criminal Procedure (volume 1, 714), the learned author says:

"As to amendments, an information differs from an indictment. Since the prosecuting officer, unlike the grand jury, is always present in court, he may, on leave, amend it to any extent not interfering with the due order of judicial proceedings or otherwise with public interests or private rights. The application may, indeed, be denied; and some hold it not permissible to add new counts or charges; while others allow this,

though not properly to the introduction of matter barred by the statute of limitations. It may be amended to cure a defect objected to by plea in abatement, or a variance appearing at the trial. 'After a record has been sealed up,' said Holt, C. J., 'I have known it amended, even just as it was going to be tried.' Of course, therefore, it may be amended after a plea in bar. * * * Mere formal amendments may be permitted without terms, even after issue joined."

In the case of *State v. Cooper*, 31 Kan. 505, 3 Pac. 429, the headnote is as follows:

"Where an information filed February, 1883, charged in the past tense that defendant did, in December, 1883, commit an assault with intent to kill, to which information defendant pleaded not guilty, and, after a jury had been impaneled and sworn, he objected to the introduction of any testimony, on the ground that the time charged was subsequent to that of the filing of the information, held, that the court did not err in permitting the county attorney to amend the information by changing the figure 3 to 2, so as to show a date anterior to that of the filing of the information. Such a change is not one working prejudice to the substantial rights of the defendant."

It is obvious that the amendment here permitted by the court was not one in matter of substance, and therefore could not have been prejudicial to the substantial rights of the defendant.

It is also contended that the court erred in the instructions defining the law of self-defense. The error, if any, was harmless, for the reason that the evidence in the case did not justify an instruction upon self-defense. The evidence in substance was as follows: Feaster, the victim of the assault, was sitting in the front room of Ada Wells' house of prostitution in Wagoner, about 10 p. m. August 27, 1910, when the defendant entered and shot him; the ball passing through the left side just above the heart.

According to Feaster's testimony, the first time he ever saw the defendant was when he came into the room where he was talking to Ivy King. The defendant said to her, "You run off and left me and come in here," and said to Feaster, "I am a game son of a bitch," and shot him sitting in the chair. Feas-

ter ran out, and the defendant fired several more shots as he was leaving.

The defendant testified on his own behalf: That he was a Cherokee citizen; lived near Claremore. That on the day in question he was in Wagoner and went to the house where the shooting occurred. That Ivy King met him at the door and told him there was a fellow there that would shoot him if he came in. She then went in, and he followed her. That Feaster, who was sitting down, made an attempt to get up, and, in the language of the defendant, "I taken him to make an effort to get a gun or something, and I jerked my gun; if he hadn't raised up out of his chair, I would never have shot him." And that was the first time he ever met Feaster.

On cross-examination he was asked why he went into the room if he thought Feaster would kill him, and answered: "I thought I would give him a trial if he wanted to shoot me; let him shoot me."

There was no evidence tending, in the remotest degree, to prove that the defendant was, at the time of the shooting, in any apparent imminent danger. On the contrary, the evidence shows, without conflict, that the shooting was without even a plausible pretext of provocation; the sole reliance of the defense for justification being the defendant's statement as to what Ivy King told him. When we consider the rule that what the defendant testifies to against his interest is to be taken as true, there is no evidence tending to show that the defendant acted in self-defense when he made the assault. One who seeks and brings on an affray, cannot shield himself under the plea of self-defense. The facts, as testified to by the defendant on his own behalf, afford no justification for his murderous assault.

As, in our opinion, no error of law to the prejudice of the substantial rights of the defendant occurred on the trial, the judgment is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.