## WIRT COX v. STATE.

No. A-1573. Opinion Filed May 17, 1913.

(131 Pac. 1109.)

1. **INDICTMENT AND INFORMATION—Amendment.** By leave of court, an information may be amended as to matters of substance or form after a plea of not guilty has been entered and before the trial has begun.

2. **APPEAL—Refusal of Continuance.** An application for continuance is addressed to the discretion of the trial court; and its action thereon will not be reviewed, unless there appears to have been a clear abuse of discretion.

3. **APPEAL—Review of Evidence.** Where the verdict of the jury has been approved by the trial court, and there is evidence in the record to sustain the verdict, or where the evidence is conflicting, the judgment will be afffrmed in the absence of prejudicial error.

(Syllabus by the Court.)

*Appeal from Choctaw County Court;*
*W. T. Glenn, Judge.*

Wirt Cox was convicted of violating the prohibitory law, and brings error. Affirmed.

*Spriggs & Barrett,* for plaintiff in error.
*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen. *(Monroe Osborn,* of counsel), for the State.

DOYLE, J. Plaintiff in error, Wirt Cox, was convicted of unlawfully selling whisky, and was on December 5, 1911,

sentenced to serve a term of 60 days in the county jail, and to pay a fine of $100. An appeal was perfected.

Three assignments of error are relied upon to reverse the judgment. The first relates to an alleged amendment of the information which counsel insists constituted a bar to any further prosecution. The only recital in the record which we have been able to find relating to an amendment of the information is as follows:

"Now, upon this 12th day of September, 1911, this cause comes on for trial. The state appears by B. D. Jordan, assistant county attorney, and asks leave to amend the information herein. which is granted, and on motion of the defendant said cause is continued until the next term of this court."

As to what said amendment was the record does not disclose. It would seem, therefore, that, under the repeated rulings of this court, plaintiff in error is in no position to ask this court to review the trial court's action thereon. Under section 5307, Rev. Sts. (1903) an information charging a misdemeanor may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant. *McCord v. State,* 2 Okla. Cr. 209, 101 Pac. 135; *Rose v. State,* 3 Okla. Cr. 12, 103 Pac. 1066; *Brown v. State,* 5 Okla. Cr. 567, 115 Pac. 615.

The second is that the court erred in overruling an application for continuance. It appears that said application is insufficient, in that it fails to show the residence or whereabouts of said absent witness, or any probability of procuring his testimony within a reasonable time. We think the application was properly overruled. *Vance v. Territory,* 3 Okla. Cr. 208, 105 Pac. 314; *Rhea v. Territory,* 3 Okla. Cr. 230, 105 Pac. 314; *Reed v. Territory,* 1 Okla. Cr. 481, 98 Pac. 583, 129 Am. St. Rep. 861.

Finally it is contended that the evidence is insufficient to warrant a conviction. There is direct and positive testimony that the sale was made by plaintiff in error as charged in the information. Where the evidence is conflicting, and there is

evidence in the record to support the verdict, and the verdict has been approved by the trial court, this court will not review the evidence to determine its weight or sufficiency. The jury had the witnesses before them and could see their manner of testifying and they no doubt in determining the truth took into consideration all the attending circumstances of the case.

Finding no error in the record, the judgment of the county court of Choctaw county is affirmed, and the cause remanded thereto, with direction to enforce its judgment and sentence therein.

ARMSTRONG, P. J., and FURMAN, J., concur.