## B. L. HOGUE v. STATE.

No. A-1599. Opinion Filed June 5, 1913.

(132 Pac. 511.)

1. INDICTMENT AND INFORMATION—Amendment. By leave of court, an information may be amended, as to matters of substance or form, after a plea of not guilty has been entered, and before the trial is begun.

2. INDICTMENT AND INFORMATION—Amendment—Matters of Form. By leave of court, an information may be amended, as to matters of form, after the jury has been impaneled, when the same can be done without prejudice to the substantial rights of the defendant.

(Syllabus by the Court.)

*Appeal from Le Flore County Court;*
*P. C. Bolger, Judge.*

B. L. Hogue was convicted of violation of the prohibitory law, and appeals. Affirmed.

*Tom W. Neal,* for plaintiff in error.
*Chas. West,* Atty. Gen., *Smith C. Matson,* Asst. Atty. Gen., and *Monroe Osborn,* for the State.

DOYLE, J. The plaintiff in error was convicted of the crime of having unlawful possession of intoxicating liquors with intent to sell the same, and was sentenced to be confined in the county jail for a term of 30 days and that he pay a fine of $50. To reverse this judgment an appeal was taken.

The assignments of error are in effect as follows: That the trial court erred in permitting the information to be amended after the jury had been impaneled and testimony taken on the trial; and in refusing to require the information to be verified after the amendment; and in refusing to rearraign the defendant to the amended information; and in failing to reswear the jury to try the defendant upon the amended information;

and in refusing the defendant a jury after the said amend-
ment, and in compelling the defendant to accept the jury
selected to try the issues under the original information,
in his trial upon the amended information.

It appears from the record that the court after the first
witness for the state had testified permitted the defendant
to file a demurrer to the information. The original informa-
tion charged:

"That said B. L. Hogue did then and there, willfully and
unlawfully have in his possession about 75 gallons of spirituous,
vinous, fermented, malt, and intoxicating liquors, or imita-
tion thereof or substitute therefor, with intent to sell, the
kind, character, and ingredients, of which is to the county at-
torney unknown."

Upon the demurrer interposed the court permitted the
information to be amended by striking out the words "or
imitation thereof or substitute therefor."

It is our opinion that the amendment was one in matter
of form only.

By leave of court, an information may be amended as to
matters of form after the jury has been impaneled, when
the same can be done without prejudice to the substantial
rights of the defendant. *Rollen v. State,* 7 Okla. Cr. 673, 125
Pac. 1087. There is nothing in the record which would indicate
that the defendant was prejudiced by this action of the court,
and counsel do not undertake in the brief to indicate that the
defendant was prejudiced thereby. The words stricken out
were mere surplusage, and for this reason the amendment
as made was not one in matter of substance, and therefore
could not have been prejudicial to the substantial rights of
the defendant.

No error was committed in refusing to require the informa-
tion to be verified after the amendment. The original in-
formation was properly verified, and the defendant's arrest on
the warrant issued thereon was therefore legal. Neither did
the court err in refusing to rearraign the defendant on the
amended information, nor was it necessary to reswear the

-jury. It was not such an amendment as would alter the condition of the case, and the trial court properly ordered the case to proceed before the jury selected and sworn to try the issues under the original information.

We see no error in any of the rulings of the court.

The judgment is affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.