# GEO. FLOWERS v. STATE.

No. A-1819.   Opinion Filed February 28, 1914.

(138 Pac. 1041.)

1. **INDICTMENT AND INFORMATION—Right to Amend—Extent of Amendment.** An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea by leave of court, where the same can be done without material prejudice to the right of the defendant.

2. **SAME—Right to Amend—Extent of Amendment.** By leave of court, an information may be amended as to matters of form, after the jury has been impaneled, when the same can be done without prejudice to the substantial rights of the defendant.

3. **EVIDENCE—Other Offenses—Rape.** The general rule that proof of other offenses is inadmissible, unless a part of the res gestae, does not apply to offenses involving sexual intercourse; and evidence of other acts is admissible to show the relation and familiarity of the parties and as tending to corroborate the testimony of the prosecutrix as to the particular act relied upon for conviction.

4. **SAME—Other Offenses.** In a prosecution for statutory rape, evidence is admissible of sexual acts between the prosecutrix and the defendant prior to and subsequent to the one charged and relied upon for a conviction, as indicating continuousness of the illicit relation.

5. **RAPE—Sufficiency of Evidence.** In a prosecution for statutory rape, the evidence is held to support the verdict and that no reversible error was committed on the trial.

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

George Flowers was convicted of rape in the second degree, and he appeals.   Affirmed.

*Carr & Field,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was tried and convicted upon an information charging him with having carnal knowledge of an unmarried female, named Mildred Brady, who was then

and there under the age of sixteen years. His punishment was assessed by the jury at imprisonment in the penitentiary for a term of eight years. On January 22, 1912, the court pronounced judgment and sentenced the defendant in accordance with the verdict of the jury.

Briefly stated, the facts and circumstances surrounding this case, as disclosed by the evidence, are as follows: The defendant is the stepfather of the prosecutrix, who testified in substance that when she was about thirteen years old her stepfather had intercourse with her the first time, and that between the 18th day of August, 1908, and the 12th day of July, 1909, her sixteenth birthday, the defendant had sexual intercourse with her eight or nine times, and that in the year 1911 he had sexual intercourse with her twice, and as a result she became pregnant, and she so advised him, and he told her he would try to do something. He afterwards gave her some medicine for the purpose of causing an abortion. That her child was born on the 12th of October. That the defendant was the father of her child. That shortly after she told him about her condition he had a local physician to examine her, and she stated to the physician, in the presence of the defendant, that he was the father of her child.

The defendant, as a witness in his own behalf, denied having had improper relations of any kind with his stepdaughter.

Only two errors are assigned and relied upon for a reversal of the judgment. The first is, in effect, that the court erred in permitting the state to amend the information after the case had been called for trial and the jury had been called into the box but not sworn or examined.

The original information filed August 16, 1911, charged statutory rape on a female under the age of sixteen years, and the date alleged was "on or about the 12th day of June, 1908." The amended information upon which the defendant was tried alleged the date to be "on or about the 18th day of August, 1908."

Section 5695 (Rev. Laws 1910), Procedure Criminal, provides:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Time is not the essence of the crime charged. The state could have alleged any date prior to the filing of the original complaint within the statute of limitations, and could have proven a different date within the statute. It is obvious that the amendment here permitted by the court was not one in matter of substance and could not have been prejudicial to the substantial rights of the defendant. He filed no affidavit with the court showing surprise or asking for a continuance. *Rollen v. State,* 7 Okla. Cr. 673, 125 Pac. 1087; *Chappelear v. State, ante,* 136 Pac. 978.

The remaining assignment of error complains of the rulings of the court in admitting evidence of other acts of sexual intercourse between the defendant and the prosecutrix, both before and after the alleged act relied upon for a conviction.

As the question presented was fully discussed, authorities reviewed, and decided by this court adversely to the contention of the defendant in *Morris v. State,* 9 Okla. Cr. 241, 131 Pac. 731, we deem it unnecessary to again discuss the question further than to quote what is there said:

"On reason and by the great weight of authority, we think the correct rule is that, in a prosecution for 'statutory' rape, evidence of other acts of sexual intercourse between the same parties is admissible, including evidence of acts committed subsequent to the particular act relied upon for conviction, even though it proves other and distinctive offenses, as relevant to show the true relation of the parties to each other, and to characterize and explain the act for which the defendant is on trial. It is the general desire to satisfy lust that is involved in this class of cases, and this character of evidence tends to show lustful desire and disposition by showing continuousness of the illicit relation. However, the limits of time over which evidence of this kind may range is largely within the legal discretion of the trial court."

We have carefully examined the whole record and have reached the conclusion that the defendant had a fair trial. The testimony is such that it unquestionably supports the verdict, and in our opinion the defendant was properly convicted.

It is therefore ordered that the judgment of conviction be, and the same is hereby, in all things affirmed.

ARMSTRONG, P. J., and FURMAN, J., concur.