## H. C. FRENCH et al. v. STATE.

No. A-3459—Opinion Filed July 6, 1920.

(190 Pac. 707.)

(Syllabus.)

1. **INDICTMENT AND INFORMATION—Information Amended by Interlineation and Reverified—Motion to Quash.** An information, amended by interlineation and by leave of court, and properly reverified before the cause is called for trial, is not open to a motion to quash, although it is not shown upon the information that the complaining witness had been resworn thereto, if in truth and in fact said witness had been resworn thereto, and the court so found on competent and uncontradicted evidence upon the hearing of the motion to quash.

2. **SAME—Marking "Refiled."** It is not necessary to mark an information, amended merely by interlineation, "refiled."

3. **SAME—Necessity for Reverification.** Where the amendment to an information in a misdemeanor case is one of substance, it is necessary that the same be reverified.

4. **SAME—Time for Amendment as to Form Only.** Where the amendment to the information is one of form only, not changing the nature of the charge to the material prejudice of defendant's rights, it may be made after plea entered, or after the cause is called for trial, or after the jury is impaneled.

*Appeal from County Court, Tulsa County;*
*W. B. Williams, Judge.*

H. C. French and W. R. Sapp were convicted of unlawfully conveying intoxicating liquor, and they appeal. Affirmed.

*Ed Crossland,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

MATSON, J.  On the 8th day of February, 1918, the county attorney of Tulsa county filed in the county court of said county an information against the above-named defendants, the charging part of which was as follows:

"Be it remembered that George E. Reeves, the duly qualified and acting county attorney for Tulsa county, Oklahoma, who prosecutes in the name and by the authority of the' state of Oklahoma, comes now into the county court for Tulsa county, state of Oklahoma, on this the 8th day of February, A. D. 1918, and gives the court to understand and be informed that on the 29th day of May, A. D. 1917, in Tulsa county, state of Oklahoma, H. C. French and W. R. Sapp, late of said county, and within the jurisdiction of this court, did unlawfully and wrongfully convey intoxicating liquor, to wit, 500 half pints of whisky, and 6 gallons of alcohol, from a certain point, unknown to this affiant, to a certain point about two miles west of Collinsville, Okla., in the northeast part of Tulsa county, Okla., known as Horse Pen Bridge, in violation of the prohibitory liquor laws of the state of Oklahoma."

Said information was signed by George Reeves, County Attorney, and was verified as follows:

"State of Oklahoma, County of Tulsa—ss.:

"I, E. S. McQueen, being first duly sworn, upon oath depose and say that I have read the foregoing information, and know the contents thereof, that all the allegations therein contained are true.          E. S. McQUEEN.

"Subscribed and sworn to before me this 8th day of February, A. D. 1918.          FRANK INGRAHAM."

Said information was indorsed on the back thereof as follows:

"No. 3593.

"State of Oklahoma v. H. C. French *et al.* Information for Conveying Intoxicating Liquor.  In the County Court of Tulsa County.

"Filed Feb. 8, 1918.    Frank Ingraham, Court Clerk.

"George E. Reeves, County Attorney of Tulsa County, Oklahoma."

Then followed the names of the state witnesses, with their post office addresses.

On the 8th day of February, 1918, warrants of arrest for each of the defendants were issued on said information and they were in due time brought into court, where, on the 8th day of March, 1918, they each pleaded " not guilty" to the charge, the cause was set for trial for the 11th day of March, 1918, and appearance bond of  each  defendant fixed in the sum of $1,000.   On the 12th day of March, 1918, each defendant was released on bond, and also on said date the following proceedings were had in said cause:

"Permission granted to amend, reswear and refile information.   Defendants plead not guilty.   Objection to continuance.   Continued for term on motion county attorney."

No further proceedings were had in said cause until the 19th day of June, 1918, when, after the defendants had announced ready for trial, the court granted the defendants permission to withdraw their plea of "not guilty" and file a motion to quash the information, which was as follows:

"Come now the defendant H. C. French and W. R. Sapp and move the court to quash and set aside the information herein, because same is not properly verified as required by law, not verified by the proper officer or any officer."

On the same date defendants filed a demurrer to the information "for the reason that the same does not state a public offense."   Both the motion to quash the information and the demurrer thereto were overruled, and proper exception taken to such actions.

Thereafter defendants re-entered their pleas of "not guilty," and a jury was called, examined, accepted, and sworn to try the cause. Thereafter, when the first witness for the state was called to testify, counsel for the defendants interposed an objection to "the introduction of any testimony, for the reason that there is no information on file in this case. That the same was never verified by any officer authorized under the law to administer an oath. Further that at the last term of court the state was given leave to amend the information by interlineation and to have the same refiled, but that the same has never been refiled, and had never been verified in accordance with the orders of the court; that the facts show it was 'subscribed and sworn to before me this 8th day of February, 1918. Frank Ingraham'—not shown that he is any officer, or anything, or holds any office, or any clerk or any one' authorized to administer an oath." Thereupon, the court permitted the county attorney to introduce Mr. E. S. McQueen, the person who swore to the original information, who testified, over objection and exception by defendants' counsel, that on the 12th day of March, 1918, he had resigned and had been resworn to the information which had been amended by interlining the words "within the state of Oklahoma," between the word "certain point" and the words "unknown to this affiant." Thereupon the court found that the amended information had been resigned and resworn to by the complaining witness, E. S. McQueen, on the 12th day of March, 1918, in conformity with the order of court made of that date, and the court then ordered the clerk to note upon the information the following:

"Re-signed and resworn to this 12th day of March, 1918"

—over the objection and exception of defendants' counsel. Thereupon, the following occurred:

"Mr. Crossland: It is shown at the bottom of the information, in writing, immediately under 'subscribed and sworn to before me,' to wit: 'Refiled and resworn to this the 12th day of March, 1918. Frank Ingraham, Court Clerk, by R. L. Laws, Deputy.' That these words were in fact placed on this information on this the 19th day of June, 1918, after the jury had been sworn to try this case, and that in truth and in fact the said R. L. Laws did not, as a deputy ever reswear the said E. S. McQueen to the said information at any time, that on the 12th day of March, 1918, or at any time.

"The Court: The writing: 'Refiled and resworn to this the 12th day of March, 1918. Frank Ingraham, Court Clerk, by R. L. Laws, Deputy'—was placed on said information on the 19th day of June, 1918, at the order of the court for the purpose of carrying out a previously made order in reference to the reswearing and refiling of said information made by the then duly elected, qualified, and acting judge of said court, namely, H. L. Standeven, which said order is in words as follows, to wit: 'Permission granted to amend, reswear and refile'—it appearing to the court that said information was resworn to and re-signed by E. S. McQueen on the 12th day of March, 1918, at the time the order was made by the then trial judge, H. L. Standeven, in open court.

"Mr. Crossland: To which we object and except.

"Thereupon the court took an adjournment until 1:30 o'clock p. m. of the same day, to wit, June 19, 1918.

"1:30 p. m. June 19, 1918, court met pursuant to adjournment.

"Present: Same as before.

"(Out of the presence of the jury).

"The Court:   The indorsement on the back of the information, to wit: 'Refiled, March 2, 1918.   Frank Ingraham, Court Clerk, by R. L. Laws, Deputy'—was placed thereon after the jury was sworn to try the case, on this the 19th day of June, 1918.

"Mr. Crossland:   To which the defendants object and except.

"The Court:   The following was placed upon the information herein after the jury was sworn to try the case and upon request of the county attorney to have the information resworn to:   The name of E. S. McQueen, the words, 'Subscribed and sworn to before me this the 19th day of June, 1918, W. B. Williams, County Judge.'

"Mr. Crossland:   To which the defendants and each of them object and except."

The court had copied fully from the  proceedings  in this case preliminary to the taking of testimony for the reason that counsel now bases his entire contention for a reversal of this judgment on the ground that the trial court erred in overruling the motion to quash the information. At the time this motion was interposed, the original information had been amended merely by interlineation, as above indicated, and had been re-signed and resworn to, and the trial court made a finding, based upon evidence, that such action was taken on March 12, 1918, the day leave was granted to do so.

The fact that  the  amended  information  was  not marked "refiled" did not in any way vitiate the amendment or the information.   There was no necessity for refiling the information in the event the amendment by interlineation is either one of substance or of form merely.   The cause had never been dismissed or the information stricken from the files.   It remained in the files of the court during the

entire proceeding, and the amendment did not have the effect of withdrawing it therefrom.

Where the amendment is one of substance, it is, however, necessary in a misdemeanor case that the information be reverified. *Hazelton v. State,* 8 Okla. Cr. 184, 126 Pac. 703.

The record shows, and the court so found, that the amended information had been reverified in this instance before the case was called for trial. That finding is binding on this court, in the absence of a contrary showing.

The amended information having been reverified before the cause was called for trial, the motion to quash was not well taken, and was properly overruled.

The amendment having been made after pleas of "not guilty" had been entered by each defendant, it is only necessary to determine whether the amendment worked any material prejudice to the rights of the defendants. Apparently not. The amendment in no way changed the nature of the offense. It merely made more specific the allegation as to the place from which the liquor was conveyed being "within the state of Oklahoma." Prior to the amendment, the information alleged that—

"In Tulsa county, state of Oklahoma, H. C. French and W. R. Sapp, late of said county, and within the jurisdiction of this court, did unlawfully and wrongfully convey intoxicating liquors, to wit, 500 half pints of whisky, and 6 gallons of alcohol from a certain point unknown to this affiant, to a certain point about two miles west of Collinsville, Okla., in the northeast part of Tulsa county, Okla."

It is the opinion of this court that the original information sufficiently alleged the entire transaction to have

taken place "in Tulsa county, state of Oklahoma," and that the amendment was merely one of form rather than substance, which could not have in any way prejudiced the material rights of the defendants, whether made before or after the cause was called for trial.

Whether, therefore, the amendment be considered one of substance or only of form, there was no error in overruling the motion to quash, because, if one of substance, the amendment was made by leave of the court before the cause was called for trial, and was properly reverified before the trial; if one of form only (and this we think the amendment to be) it in no way changed the nature of the charge to the material prejudice of the defendants' rights, and if made after plea entered or after the cause was called for trial or after the jury was impaneled, there was no reversible error. *Rollen v. State*, 7 Okla. Cr. 673, 125 Pac. 1087; *Hogue v. State,* 9 Okla. Cr. 521, 132 Pac. 511.

Absolutely no defense was made to the charge, and the state's evidence clearly supports the accusation, the verdict and the judgment.

The conviction is affirmed.

DOYLE, P. J., and ARMSTRONG, J., concur.