## J. H. WEBB v. STATE.

No. A-4210.    Opinion Filed April 8, 1924.
Rehearing Denied April 26, 1924.
(224 Pac. 991.)

(Syllabus.)

1.  **Indictment and Information—Manner and Time of Amending Information.** An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant. Section 2512, Comp. St. 1921.

2.  **Same—Portion of Statute Affecting Amendments as to Matters of Substance Made After Accused in Jeopardy Held Unconstitutional.** That portion of the statute affecting amendments as to matters of substance made after a jury is impaneled and the defendant placed in jeopardy is inoperative as being in conflict with section 20 of the Bill of Rights of our state Constitution, which provides that the accused must first be confronted with a written accusation informing him of the nature and cause of the accusation against him.

3.  **Same—Amendment Changing Street Number of Place Alleged Nuisance Held Proper.** After the accused had entered his plea of not guilty to a charge of maintaining a public nuisance, it was proper by leave of court to amend the information by changing the street number designating the place where such nuisance was maintained. Such amendment is a matter of form only, not a matter of substance.

Appeal from County Court, Oklahoma County; W. R. Taylor, Judge.

J. H. Webb was convicted of maintaining a nuisance, and he appeals. Affirmed.

Lillard & Edwards and David Tant, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. J. H. (Jim) Webb, plaintiff in error, here designated the defendant, was by information bearing date of March 24, 1921, charged with maintaining a nuisance at 918 North Broadway, Oklahoma City, by keeping a place where intoxicating liquors were bartered, sold, and given away, and where persons were permitted to congregate for the purpose of buying and drinking liquor. At the trial, September 15, 1921, by verdict of a jury, he was found guilty as charged and sentenced to pay a fine of $100 and to serve a term of 30 days in the county jail. From the judgment on this verdict, he appeals.

After the jury were impaneled and a witness who was a deputy sheriff had testified that he found the defendant in charge of a hidden whisky plant in the second story rooms at 718½ North Broadway, Oklahoma City, the county attorney asked for permission to amend the information by erasure and interlineation so as to charge the nuisance as being maintained at that address. To this amendment the defendant objected. The court ordered the amendment made, over his objections and exception. Whether or not this was prejudicial error is practically the only question involved in this appeal.

The allegations in the information were sufficiently supported by proof that the defendant did maintain a place where intoxicating liquors were kept for illegal purposes in such manner as to constitute a nuisance, at 718½ North Broadway.

Our statute, section 2512, Comp. St. 1921, provides the method of making amendments to informations. It reads as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

This statute, in so far as it relates to amendments as to matters of substance made after the jury is impaneled and the defendant placed in jeopardy, if strictly construed in accordance with the language used, would be in conflict with section 20 of the Bill of Rights of our state Constitution, providing that the accused must first be confronted with a written accusation informing him of the nature and cause of the accusation against him. An amendment to such accusation in a matter of substance after an accused had been placed in jeopardy would be an invasion of that right. Hogue v. State, 9 Okla. Cr. 521, 132 Pac. 511; Rollen v. State, 7 Okla. Cr. 673, 125 Pac. 1087; Flowers v. State, 10 Okla. Cr. 494, 136 Pac. 1041; 31 C. J. 827.

The statute above quoted is not in conflict with the Constitution and is operative so far as it relates to amendments in matters of form after the jury is impaneled, matters not essential to a complete statement of the offense. The question before us is therefore reduced to an inquiry as to whether the charging of the street number in the information was a matter of form or one of substance.

It has been held that it is unnecessary in a prosecution for keeping and maintaining a common nuisance that the information particularly designate the place of the commission of the offense, more than to charge that it was committed within the county and state where the prosecution is had. State v. Kelly, 22 N. D. 5, 132 N. W. 223, Ann. Cas. 1913E, 974; 20 R. C. L. 486.

"Substance" may be defined as that which is essential; hence when an information is adjudged insufficient in substance it is because it lacks something essential to make a legal charge of crime. 7 Words and Phrases, First Series, 6737; Bouvier's Law Dict., Rawle's First Rev. 1060.

This being true, it would appear that the allegation that this nuisance was maintained at a particular number was not an essential averment and therefore not a matter of substance, but one of form merely. The allegation, if made, should be supported by proof, and, if it had appeared to the court that the allegation as made misled the defendant to his hurt, the permission to amend should not have been granted. From the record before us we agree with the trial court that such amendment would not operate to the prejudice of the defendant. He was found by the officers in charge of rooms where a large quantity of corn whisky was found and where liquor plants were and had been secreted beneath hidden trapdoors in the floor under the carpets. The officers also found there drinking vessels, bottles, and every indication that the place was used for a drinking resort where intoxicating liquors were sold. There is nothing in the record to indicate that the accused maintained another place at 918 North Broadway, and nothing to indicate that his defense was in any way affected by the amendment made in the information.

New trials predicated upon trifling errors of form should not be granted where it appears that the defendant suffered no wrong by reason thereof. This is in keeping with sound reason and with the rule of practice known as the "harmless error" doctrine, and with the statute above quoted relating to amendments.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.