## J. S. DOBBINS v. STATE.

No. A-6331.  Opinion Filed July 14, 1928.
(268 Pac. 1116.)

J. F. Thomas, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted in the district court of Cotton county, Okla., on a charge of

removing mortgaged property from the limits of Cotton county, and was sentenced to pay a fine of $500. Motion for new trial was filed and overruled, and defendant reserved an exception.

The information charged the defendant with willfully, unlawfully, wrongfully, and feloniously removing an automobile from Cotton county, Okla., upon which there was a mortgage, without the consent of the mortgagee. Objection was raised to the information as to who was the holder of the notes and mortgage at the time the automobile was moved from Cotton county, and the court permitted the state to amend the information by striking from the information, "C. S. Stimpson, doing business as Stimpson Motor Company," leaving the information to read, "that the automobile was removed from Cotton county without the consent of the holder of the mortgage." The amendment was permitted by the court, and the state in open court advised the defendant that the state would offer proof that on the date the defendant was charged with having removed the mortgaged property mentioned in the information, the Meyer-Kiser Corporation, of Indianapolis, Ind., was the holder of the mortgage. The defendant objected, and the objection was overruled, and the case proceeded to trial.

An information may be amended after plea by order of court, where same can be done without material prejudice to the rights of the defendant. Section 2512, C. O. S. 1921; Cox v. State, 9 Okla. Cr. 378, 131 P. 1109; Webb v. State, 27 Okla. Cr. 104, 224 P. 991.

The testimony on behalf of the state tended to show that the defendant purchased the car from C. S. Stimpson, doing business as Stimpson Motor Company, at Walters, Okla., and executed notes for the balance of purchase price, and in order to secure the notes executed a mortgage on the car purchased; that the defendant,

without the consent of the holder of the notes and mortgage, removed the car from Cotton county beyond the limits of the state; that the notes had not been paid by the defendant when he was arrested, but that the Stimpson Motor Company had paid the same to Meyer-Kiser Corporation, the holder of the said notes and mortgage. The testimony on behalf of the state shows that the car had been removed from Cotton county, and the state of Oklahoma, without the consent of the holder of the notes and mortgage.

The defendant's testimony in substance is that he was an oil field worker and went from place to place, and that when he bought the car he had an understanding with the agent that he might have to follow oil work and go from one place to another in the oil fields, and that the agent told him that would be all right as long as he kept up his payments. The defendant admits that he did not make the payments, but that he had written to his father to take care of the payments for him, and that later on he received a release for the mortgage from his father and he thought the notes had been paid; that he put the release of record and received the mortgage from the county clerk.

The father of the defendant also testified as to having some conversation with one of the agents about getting his son to pay the notes, and the testimony of the defendant shows that no payments were made, and that the car was taken from the state without the consent of the owner and holder of the notes and mortgage. The defendant's explanation as to what became of the car is not clear, but indicates that in his examination he sought to evade the proper answers to the questions as to what became of the car. He says the car was destroyed by fire somewhere on a road between Mineral Wells and Weatherford, Tex., but that he was not on the highway.

All of the testimony in this case clearly shows that the defendant drove the car from Cotton county, and state of Oklahoma, without the consent of the owner and holder of the notes and mortgage, and that he knew the notes had not been paid. His attempted showing as to what became of the car is not satisfactory.

In this case there is very little conflict in the testimony. The court properly instructed the jury as to the law. This court will not interfere with the verdict of the jury where there is competent evidence to support the same. Finding no errors prejudicial to the rights of the defendant, the judgment and sentence is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.