[No. 3,421.]

## THE PEOPLE *v.* MOORE.

TESTIMONY OF ACCOMPLICE.—It is not competent to use as evidence against one on trial for an alleged crime, the statements of an accomplice not given as testimony in the case, nor made in the presence of the defendant, nor during the pendency of the criminal enterprise and in furtherance of its objects.

| 45 | 19 |
| 77 | 505 |

| 45 | 19 |
| 111 | 653 |

| 45 | 19 |
| 123 | 296 |

APPEAL from the County Court of Stanislaus County.

The facts are stated in the opinion.

*J. H. Budd,* for Appellant.

The declaration of a co-defendant not on trial, made in the absence of the defendant on trial, is not admissible as evidence against him except when made during the pendency of the criminal enterprise and in furtherance of its objects. (1 Greenl. Ev., Sec. 111; 24 Howell State, 72, 451; *Crowninshield's Case,* 10 Pick. 497; *Apthorpe* v. *Comstock,* 2 Paige, 488; *People* v. *Bleecker,* 2 Wheel. Crim. Cases, 255.)

*John L. Love, Attorney General,* for the People.

By the COURT:

The defendant was jointly indicted with Williams and Doyle for the crime of robbery, alleged to have been committed on the 14th day of July, 1871, in the County of Stanislaus, by forcibly and feloniously taking from the person of

one Voyle a watch and chain and two hundred and sixty-five dollars in coin.

Upon the separate trial of the defendant, one Fine was called as a witness for the people, and asked if he had had any conversation with Williams in relation to the alleged robbery.

The defendant objected to the evidence, unless the conversation was in the presence of the defendant. The Court overruled the objection, and the witness stated that he had had such conversation, but not in the presence of the defendant; that Williams told him "that the proposition to rob Voyle was made and that they all assented to it, and that they, Williams, Doyle, and Moore, robbed Voyle in Stanislaus County on the night of the 14th of July, 1871, of a watch and chain and of two hundred and twenty-seven dollars."

One Covert was then called as a witness for the people, and against the objection of the defendant testified: "I know the defendants; the defendant, Doyle, sent for me; I went to the jail; he told me he could get Voyle's watch, but could not tell me so any one else could find it; I went with him; Voyle was along and the Sheriff; about half a mile from Burns' Ferry Doyle pointed out the place in a stone wall, where he said the watch had been hid by Moore, and stated that when we arrived at that place Moore said he should not carry the watch any longer, and should hide it; I searched the wall indicated by Doyle and found Voyle's watch in the wall after some search; Moore was not present at the time of these statements of Doyle."

The record does not purport to contain all the testimony received in the case, and we cannot, therefore, tell how much, if any, competent testimony there may have been tending to show the guilt of the defendant; but however much there may have been, the judgment cannot be sustained. It is clear that the testimony quoted was not admissible for any

purpose, and it is impossible to conceive upon what theory it was offered or received. It was never competent to use as evidence against one on trial for an alleged crime the statements of an accomplice not given as testimony in the case nor made in the presence of defendant, nor during the pendency of the criminal enterprise and in furtherance of its objects. To hold such testimony admissible would be to ignore the rules of evidence settled and everywhere recognized from the earliest times.

Judgment reversed and cause remanded.