[Crim. No. 481. Department One.—January 19, 1899.]

THE PEOPLE, Respondent, v. WILLIAM OPIE, Appellant.

CRIMINAL LAW—GRAND LARCENY—STEALING OF GOLD ORE.—An information charging the commission of grand larceny, in the stealing of gold ore of the value of five hundred dollars, is not defective, because not alleging that the ore had been severed from the earth prior to the taking. By the act of March 6, 1872 (Stats. 1871-72, p. 282), the stealing of gold ore of the value of fifty dollars and upward, though severed from the realty of another by the accused, is made grand larceny.

ID.—EVIDENCE—SUBSEQUENT CONDUCT AND DECLARATIONS OF CO-CON-
SPIRATOR — HEARSAY—DISTRIBUTION OF PROPERTY.—Evidence as to
the appearance, conduct and declarations of a co-conspirator,
who is not on trial, directed toward matters occurring after the
commission of the offense and not in the presence of the defend-
ant, is inadmissible hearsay, and its admission is prejudicially
erroneous.  It is not rendered admissible, on the ground that the
conspiracy was not yet ended, merely because it does not appear
that the stolen property had been distributed between the
thieves, in the absence of evidence on that subject, and of evi-
dence that it was ever intended that it should be so distributed.

ID.—INSTRUCTIONS—EXPERT EVIDENCE—VALUE OF ORE.—Instructions as to
expert evidence bearing upon the value of the ore taken, which
are dangerously near the border line dividing the law from the
facts, should not be given to the jury.

APPEAL from a judgment of the Superior Court of Mariposa
County, and from an order denying a new trial.  John M. Cor-
coran, Judge.

The facts are stated in the opinion of the court.

Maddux & Stonesifer, and Joseph A. Adair, for Appellant.

J. J. Trabucco, District Attorney, William F. Fitzgerald, At-
torney General, and C. N. Post, Deputy Attorney General, for
Respondent.

GAROUTTE, J.—The defendant, Opie, was jointly charged
with Edward Opie with the stealing of gold ore of the value of
five hundred dollars.  The information is in the usual form
where grand larceny is charged, and it is now insisted that it
is fatally defective.  Under the case of *People v. Williams*, 35
Cal. 671, the contention would have weight, but the legislature,
with the view of modifying the law as there declared, passed
an act found in the statutes of 1871-72, page 282.  By that
statute the stealing of gold ore, whether severed from the earth
or not by the party charged, is made a crime.  And for that
reason the information as here laid charges grand larceny.

Having arrived at the conclusion that a new trial must be
ordered, we refrain from any detailed discussion as to the suffi-
ciency of the evidence to support the verdict.  We will only
say that while the evidence bearing upon the identification of
the ore as to being ore taken from a certain mine is conflicting,

still, looking at the case from all sides, we are not prepared to say that the jury were not justified in rendering a verdict against the defendant.

William Opie and Edward Opie were jointly charged. William Opie was upon trial. Conceding the evidence established a conspiracy between these two parties to commit the crime of grand larceny, still the court committed error in allowing evidence to be introduced as to the appearance, the conduct and the declarations of Edward Opie, the defendant, not upon trial. It is elementary law that such evidence as to a co-conspirator not upon trial partakes of the character of pure hearsay. This evidence was all directed toward matters occurring after the commission of the offense—after the conspiracy was accomplished and ended. There is not even the excuse for its admission that the defendant on trial was present at the time. This court has had occasion many times, and recently, to advert to the error of similar judicial action. (*People v. Moore*, 45 Cal. 19; *People v. Dilwood*, 94 Cal. 89; *People v. Oldham*, 111 Cal. 652.) Without question it may be said that this evidence was extremely prejudicial to defendant, and its admission demands a new trial of the case. The attorney general attempts to meet the force of these objections by saying that the conspiracy was not ended when the events occurred which this evidence disclosed. It is said the conspiracy was not ended because the property stolen had not yet been distributed between the thieves. This is no answer, for there is no evidence disclosing that it had not been distributed at the time; and, again, there is no evidence that it was ever intended that it should be distributed. In certain cases where the conspiracy discloses an intention to divide the property to be stolen, evidence of the acts and declarations of a co-conspirator taking place any time prior to the division are admitted. This is upon the theory that the conspiracy does not end until that time. The present case discloses nothing of that kind.

The instruction given as to the evidence of the expert bearing upon the value of the ore is dangerously near the border line dividing the law from the facts. The same may be said as to instruction numbered II. Upon the second trial these instructions should not be given to the jury.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Harrison, J., and Van Dyke, J., concurred.