## AUSTIN R. GOURLEY v. STATE.

No. A-1277.   Opinion Filed February 8, 1913.

(129 Pac. 684.)

1. **INDICTMENT AND INFORMATION**—Information—Amendment—**Objections.** (a) An objection to the sufficiency of an information should be made by proper motion or demurrer before plea, but, when it is clear that the facts stated in the complaint do not constitute a public offense, an objection to the introduction of testimony on that ground is sufficient to raise the issue.

(b) An information should be sufficiently definite to disclose jurisdictional facts, and, when the court's attention is called to the fact that it is not, the county attorney should be directed to make proper amendment.

2. **HIGHWAYS**—Repair—Road Work—Offenses—Right to Prosecute. (a) Section 7854, Compiled Laws 1909, does not preclude the county attorney from prosecuting violations of the road law in any township in the county.

(b) The purpose of this provision is to enable the road overseer to institute such prosecution in the township in which his road district is situated without the consent of the county attorney, and it in no way abridges the right of the county attorney to use the road overseer as a prosecuting witness for violations of the road law in any other township in his county if he so desires.

3. **SAME**—Road Work—Persons Subject. Under the provision of section 17, c. 32, Session Laws 1909, all persons subject to road duty in this state are required to either work four days or pay five dollars, or furnish a substitute acceptable to the road overseer.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Austin R. Gourley was convicted of violating the penal provision of the Road Law, and he appeals. Reversed and remanded.

*S. A. Horton*, for plaintiff in error.

*Chas. West*, Atty. Gen., for the State.

ARMSTRONG, P. J.   This is an appeal by Austin R. Gourley from a judgment of the county court of Oklahoma county imposing upon him a fine of $15 for failing and refusing to work the public roads of Greeley township, Oklahoma county, as required by law.

The complaint upon which the prosecution is based is as follows:

"In the name and by the authority of the state of Oklahoma, T. I. Canady, of lawful age, being first duly sworn, on his oath deposes, and says: That in the county of Oklahoma, and state of Oklahoma, and on the —— day of November, 1910, the above-named defendant, Austin R. Gourley, did then and there unlawfully and wrongfully neglect and refuse to perform road duty in Greeley township, Oklahoma county, Okla., on the 14th, 15th, 16th, 17th days of November, 1910, after having been notified as provided by law, and affiant further states that said Austin R. Gourley is a male person over 21 years of age and less than 50 years of age, and has resided 30 days in this state, who is capable of performing labor on public highways, and said defendant is not a county charge, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Oklahoma. T. I. Canady. Subscribed and sworn to before me this 28th day of January, 1911. J. J. Beal, Justice of the Peace. I have examined the facts in this case and recommend that a warrant do issue.

"SAM HOOKER,
"County Attorney Oklahoma County.
"By WILLIAM H. ZWICK,
"Deputy County Attorney."

The objection to the introduction of testimony on the ground that the facts stated in the complaint did not constitute a public offense should have been sustained, and the county attorney per-

mitted to amend the complaint. The complaint nowhere alleges that the accused was a resident of Greeley township, nor does it allege he was a resident of the road district over which T. I. Canady had supervision, and subject to duty in said district. It merely alleges that he refused to work the road in Greeley township, Oklahoma county, and that he had been a resident of Oklahoma 30 days, but where he resided, and where he was subject to road duty, no one from the complaint could determine. The proof on the part of the state nowhere discloses these facts, and, even if the proof did, the complaint should clearly indicate when, where, and in what manner the offense charged was committed.

Counsel for accused urge in their brief that the justice of the peace of Oklahoma township had no jurisdiction to hear and determine this cause by reason of the fact that section 7854, Comp. Laws 1909, makes it the duty of the road overseer to file complaint before some justice of the peace of his township, and contend that, by reason of such provision, this prosecution could only have been had in the township where the offense was committed. We cannot agree with this contention. The purpose of that provision is evidently to enable the road overseer to institute the prosecution in his township at the expense of the state without the approval of the county attorney. This provision does not preclude a prosecution by the county attorney in any other township of the county. It would, however, preclude a road overseer from instituting a prosecution in any other township in which his road district is located, at the expense of the state, without the approval of the county attorney.

Again, it is contended that the accused was not subject under the law to the payment of $5 in lieu of the four days' work provided for in section 17, c. 32, Sess. Laws 1909, but would only be required to pay $4 under the provision of section 7859, Comp. Laws 1909. This contention is without merit. It is clear to our mind that a person who is subject to road duty is required to either work four days or pay $5, or furnish a satisfactory substitute.

Again, counsel urge that the provision of the law under which this conviction was had is unconstitutional by reason of

the fact that the title to the bill as enacted by the Legislature did not specifically state, among other things, that it provided a penalty for violation of this provision. This contention is also without merit.

The judgment is reversed and the cause remanded to the trial court, with direction to grant permission to amend the complaint, and award a new trial in harmony with the views herein expressed.

DOYLE and FURMAN, JJ., concur.