## LON CARSON v. STATE.

No. A-4776.   Opinion Filed June 6, 1925.
(236 Pac. 627.)

(Syllabus.)

1. **Larceny—Allegation of Ownership of Property Supported by Proof of Any Legal Interest.** In a charge of larceny, the allegation of ownership of the property charged to have been the subject of the larceny is a material allegation and must be proved as pleaded, but the allegation of ownership of stolen property is supported by proof of any legal interest or special property or ownership in it, although less than absolute title.

2. **Same—One in Personal Possession of Property Properly Treated as "Owner."** The actual condition of the legal title to property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be treated as the owner who is in personal possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the "owner" of the property in the indictment or information.

3. **Same—Possession of Pistol Sustaining Allegation of Ownership.** For facts which are sufficient to sustain the allegation of ownership, see opinion.

4. **Larceny—Grand Larceny—"Value" Used as Meaning Reasonable Selling Price.** The expression "market value," when used to determine the degree of larceny, relates to buying and selling, so that the term "value" may properly be said to be the "reasonable selling price," and proof of a selling price in excess of $20 is sufficient proof of value to fix the offense of grand larceny.

5. **Same—Evidence Sustaining Conviction for Grand Larceny.** Evidence examined, and held to be sufficient to sustain the verdict.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Lon Carson was convicted of grand larceny, and he appeals. Affirmed.

Womack, Brown & Cund, for plaintiff in error.

George F. Short, Atty. Gen., and Chas. Hill Johns, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error will be referred to as defendant.   The defendant was charged by information in the district court of Stephens county with the crime of grand larceny, the larceny of a 45 Colt's automatic pistol and some clothing.   The prosecuting witness, Blumhoff, testified that he left his house, and when he returned found that his trunk had been ransacked and a pistol belonging to him, of the value of $40 or $50 and some clothing, were missing.   He ascertained that defendant with another person were at his house in a Ford car about the time of the loss of this property.   The day following he went to Duncan, asked the defendant about having been there, and defendant admitted it.   He then asked who got his gun and clothes, and the defendant denied that he got them, but would not talk further.   Some time after this the defendant was arrested upon another charge, and the gun was found in his possession.   The prosecuting witness identified the gun by certain marks upon it, and also testifed as to the number.   The defendant testified that he had bought the gun from one Williams and offered other evidence in corroboration.   Upon the trial it developed that the pistol in question was labeled property of the United States, and the prosecuting witness testified that upon his discharge from the Army he was given his uniform, gas mask, this pistol, and possibly some other effects.   We are met by the contention that the pistol was in fact the property of the government, and there is a fatal variance between the allegation of ownership and the proof.

The allegation of ownership in a charge of larceny is a material allegation and should be proved as pleaded.   25 Cyc. 88; 36 C. J. p. 859, § 403.   The allegation of ownership of stolen property, however, is supported by proof of any legal interest or special ownership although less than absolute title.

This court, in the case of Little v. State, 21 Okla. Cr. 1, 204 P. 305, held:

"The actual condition of the legal title of property alleged to have been stolen is immaterial to the thief; so far as he is concerned, one may be taken as the owner who is in personal possession of the property and whose possession was unlawfully disturbed by the taking. The possessor of the goods from whom the thief took them may properly be described as the owner of the property in the indictment or information." 36 C. J. § 404.

So in this case, even if the legal title were in the government of the United States and the possession had been delivered to prosecuting witness under the circumstances narrated, his possession of this pistol would be a sufficient ownership to satisfy the requirements of the law.

The further contention is made that the proof of value exceeding $20 is not sufficient. The law requires that there shall be proof of market value exceeding $20 in order to sufficiently establish grand larceny. Filson v. Ter., 11 Okla. 351, 67 P. 473.

The prosecuting witness testified as follows:

"Q. Just tell the jury what the market value is? (An objection was sustained to the answer, it not being competent.)

"The Court: Just give your judgment what the value of the gun is. A. If a man had to sell it now, it would not bring over $25 or $30. I would not take ten times that for it.

"Q. Tell the jury what in your judgment that gun is worth. A. $40 or $50."

In the case of Filson v. Ter., supra, it is said where a witness testifies generally to the value of an article in common use, it will be assumed that the market value is meant, unless it appears from the testimony that the value is based on some other consideration. In the case of Hoffman v. State, 24 Okla. Cr. 236, 218 P. 176, citing the Filson Case, it is held that the expression "market value," when used to determine the grade of larceny, relates to buying

and selling, so that the term "value" might be said to be reasonable sale price, and the testimony of the witness Blumhoff, just quoted, fixed the selling price at $25 or $30. This is sufficient proof on the question of value to sustain the verdict.

The further contention is made that the evidence does not sustain the verdict, and our attention is called to the fact that the defendant offered evidence to support his claim that he purchased the pistol. The evidence is sharply conflicting, but its sufficiency is a question of fact, and under the uniform holding of this court is a question for the jury. The jury is in position to observe the appearance of the witnesses on the stand, their manner of testifying, their appearance, candor, and frankness or lack thereof, and their relationship to the defendant in interest. There is ample competent evidence in support of the verdict, and the weight and credibility of the evidence being for the jury, this court will not disturb the verdict for insufficiency.

Other assignments of error are presented and all have received attention. We find no prejudicial error.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.