### FRANK JACKSON et al. v. STATE.

No. A-4811. Opinion Filed June 13, 1925.

(237 Pac. 129.)

R. L. Suddath, for plaintiffs in error.

George F. Short, Atty. Gen., and Baxter Taylor, Asst. Atty. Gen., for the State.

EDWARDS, J. Plaintiffs in error will be referred to as defendants. From a conviction in the district court

of Creek county on a charge of burglary, the defendants appeal. The information charges that they broke and entered a certain freight car on the tracks at Depew, in said county and state, and said burglary was committed with intent to take, steal, and carry away, with intent to convert the said goods, describing them, all of the aggregate value of $740, to their own use and benefit, with intent to permanently deprive the said St. Louis & San Francisco Railroad Company thereof. No demurrer was filed to the information, and no objection to the introduction of evidence made. After conviction, a motion in arrest of judgment was filed. Only two assignments of error are argued in the brief: First. Error in overruling motion for new trial on account of the insufficiency of the evidence. Second. Error in overruling motion in arrest of judgment on account of insufficiency of the information.

In determining the question presented, the latter contention will be considered first. The statute under which the defendants are charged, omitting the parts not pertinent here, is section 2063, Comp. St. 1921:

"Any person who breaks and enters * * * any * * * railroad car * * * in which any property is kept, with intent to steal therein or commit any felony, is guilty of burglary in the second degree."

The statute further provides (section 2563, Comp. St. 1921) that an indictment or information is sufficient if, among other requisites, it can be understood therefrom that the offense was committed at some place in the jurisdiction of the court, and that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended, and the section following provides that no indictment or information is insufficient by reason of a defect or imperfection which does not tend to the

prejudice of the substantial rights of the defendant upon the merits. Section 2822, Comp. St. 1921, generally referred to as the harmless error statute, is as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

Here it is argued by defendants that the information is defective in failing to allege the ownership of and fully describe the car burglarized, and that it does not charge the ownership of the property in any person.

Burglary may be committed by breaking and entering a car in which property is kept with intent to steal therein or commit any felony. The allegation in the information here is sufficient to show that property was in the car, and that the breaking was either with the intent to steal or, if the allegations are insufficient to show an intent to steal, the intent to commit grand larceny is alleged, which would satisfy the statute. It may be gathered from the information, although defectively stated, that the property and the railroad car were in the possession of the St. Louis & San Francisco Railroad Company. Where, however, a defendant goes to trial without demurring to an information or making any objection to the introduction of evidence, every intendment and inference to support the information will be indulged in. Ralston v. State, 16 Okla. Cr. 634, 185 P. 831; Clark v. State, 11 Okla. Cr. 494, 148 P. 676; Ex parte Spencer, 7 Okla. Cr. 113, 122 P. 557; Gourley v. State, 8 Okla. Cr. 598, 129 P. 684.

The theory of the holdings of this court that objec-

tions to an information should be made by demurrer is that substantial justice may be done. If a defendant believes an information to be defective he should raise the objections by demurrer. Failing to do this, and waiting until a jury is impaneled and then raising an objection, may seriously retard the administration of justice. But even then, when it is clear that the facts stated do not constitute a public offense, an objection to the introduction of evidence will raise the issue. But if, by any reasonable construction or intendment, the information can be upheld when raised in that manner, it will be done. When not raised in that manner, and a defendant speculates upon the result of trial, an objection by motion in arrest of judgment can raise only the objection to the jurisdiction of the court over the subject-matter, or that the facts stated do not constitute a public offense. Section 2616, Comp. St. 1921; Stone v. State, 12 Okla. Cr. 313, 155 P. 701. And in such case the rule that all intendments and inferences will be indulged in to sustain the information obtains.

Giving effect to the various provisions of our statute and particularly provisions of the harmless error statute, and under the record of this case, we believe that the information, giving it the inferences and intendments suggested, is sufficient.

There can be no question but that the defendants knew they were charged with breaking into and entering a railroad car in the possession of the St. Louis & San Francisco Railroad Company at Depew, Creek county, with the intent to steal property in said car. They are not prejudiced by the failure to describe the car by number and initials; it is not likely that they gave much consideration to the markings on the car. In so holding we are not unmindful of the former decisions of this court in the cases of Simpson v. State, 5 Okla. Cr. 57, 113 P. 549; Sullivan

v. State, 7 Okla. Cr. 307, 123 P. 569, and Parker v. State, 13 Okla. Cr. 460, 165 P. 622, holding in effect that the indictment or information in each of these cases was fatally defective. In these cases, however, it is to be borne in mind a challenge was made by demurrer before plea, and the rule as to intendment and inferences, above stated, does not apply. The decisions in the cases of Simpson v. State, supra, and in Sullivan v. State, supra, were rendered prior to the taking effect of the statute in question. We incline to the view that the holding in the Simpson, the Sullivan, and the Parker Cases, supra, requires a greater strictness in charging burglary than is warranted under the present condition of our law.

Upon the further contention that the evidence is insufficient to sustain the verdict of the jury, we have examined the record fully, and to our mind the guilt of the defendants is established by an abundance of evidence, and the verdict and punishment imposed was not excessive. No good purpose will be served by setting out the evidence in detail.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.