## ARCH CRAWFORD v. STATE.

No. A-5388. Opinion Filed April 27, 1926.
Rehearing Denied Sept. 18, 1926.
(248 Pac. 880.)

Matson & Mather, for plaintiff in error.

The Attorney General and Houston B. Teehee, Asst. Atty. Gen., for the State.

BESSEY, P. J. Arch Crawford, plaintiff in error, herein designated the defendant, was by verdict of a jury found guilty of the larceny of an automobile, with his punishment assessed by the jury at confinement in the state reformatory at Granite for a period of five years.

Four assignments of error are urged in this appeal: (1) That the evidence is insufficient to support the verdict; (2) that there was a fatal variance between the allegations and the proof; (3) error in the court's instructions to the jury; (4) that the judgment does not conform to the verdict.

The evidence for the state discloses that the complaining witness, Jim Wedie, on November 8, 1923, was in the town of Wilson: that he parked his Ford car on one of the main streets of the town, near a moving picture theater; that, after attending the show, upon his return to the place where he had parked the car, he found that it had been driven away; that a little later the police officers found the car, and returned it to him.

The evidence tending to connect the defendant with the theft of this car was that in the forenoon of November 8th, Otto Parks, a codefendant at the trial, and this

defendant were in the town of Tishomingo; that in a conversation with a taxi driver named Kirkpatrick they learned that Kirkpatrick was going to take some passengers to Wilson that afternoon; that Parks said he was wanting to go to Wilson; and that he and the defendant did go with Kirkpatrick, with the latter's passengers, stating that they would accompany him to keep him company on the return trip. They arrived in Wilson at about 4 o'clock in the afternoon, and, after the taxi driver had discharged his passengers, Parks induced him to drive the defendants out to see a girl friend of Parks, residing some three miles out in the country from Wilson. They remained there about 30 minutes, and then returned to Wilson. Parks then told Kirkpatrick that he and the defendant had decided not to return to Tishomingo with him, whereupon Kirkpatrick left Wilson on the return trip alone. By this time it was growing dark, and Parks and the defendant walked about the streets of Wilson in such manner as to arouse the suspicions of the police officers, and a policeman watched and followed one or the other of them from place to place. Presently Parks and the defendant met near where Wedie's car was parked, got into the car, and Parks drove it out of town towards the north. The officers followed and intercepted them, and recovered the car, which they later returned to its owner.

At the time of the arrest of the defendant and Parks, Parks stated that the car was his; that he purchased it in Sherman, Tex. He also made other false and incriminating statements in the presence of the defendant and the officers. The defendant himself offered no explanation either at that time or later, and did not make any explanation on the witness stand.

We think the facts as recited, along with other attending circumstances, established a conspiracy between Parks and the defendant to steal this car, or show that

the defendant was actively implicated with Parks in the theft. Eliminating, and not considering the statements made by Parks, every circumstance points to the guilt of the defendant, and is wholly inconsistent with his innocence.

A conspiracy to commit crime, or proof implicating one as an accessory in the commission of crime, may be established by circumstantial evidence. Ex parte Hayes, 6 Okla. 321, 118 P. 609; 12 Cyc. 443.

The second assignment of error relates to the fact that the indictment states that the car in question was the property of Jim Wedie, while the proof disclosed that the title to the car was in his brother, Jack Wedie, and that Jim Wedie at the time of the taking had only temporary possession. Conceding this to be true, it has often been held that the ownership of the property may be stated as being in the person in whose possession it was at the time of the larceny. Dickson v. State, 28 Okla. Cr. 378, 231 P. 315; Carson v. State, 30 Okla. Cr. 438, 236 P. 627; Leyerle v. State, 31 Okla. Cr. 179, 237 P. 871.

The third contention is that instruction No. 4 was faulty as being an unwarranted comment on the weight of the testimony. Without attempting to analyze this instruction, the court finds that this assignment of error is without merit.

The verdict, as found by the jury, recited that the defendant, Arch Crawford, should be confined in the state reformatory at Granite for a term of five years, and the judgment as pronounced by the court fixed the confinement for that term of years in the state penitentiary at McAlester. The judgment should be modified to conform to the verdict of the jury, and such modification of the judgment is ordered.

The judgment, as modified, is affirmed.

DOYLE and EDWARDS, JJ., concur.