B. O. WOOLBRIGHT v. STATE.

No. A-7333. Opinion Filed May 2, 1930.
Rehearing Denied June 5, 1930.
(288 Pac. 499.)

W. A. Woodruff and Pete Helton, for plaintiff in error.

The Attorney General and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Adair county of the crime of stealing twenty-seven turkeys,

and his punishment fixed at imprisonment for one year in the state penitentiary at McAlester, Okla.

The evidence of the state was that the defendant lived at Lyons, Okla., and that the town consisted of one store owned by the mother-in-law of defendant, and which was at the time of the theft of the turkeys, which were claimed to have been stolen by defendant, run by him. The defendant stayed in the store at night just prior to the alleged theft. Lester and Andy Brashears were the owners of a bunch of turkeys which roosted together on the premises near the home of Andy Brashears; that they were all stolen at the same time and from the same place and by the same person or persons. The theft occurred on the night of September 5, 1928. On the morning after the theft of the turkeys, Lester Brashears, having missed the turkeys, examined the ground near where they roosted, and found where a car had turned around, and found chicken feathers and a heavy wire with a hook on the end. The tracks of the car indicated that the car had come from the road leading from Lyons, and had returned the same way.

The stolen turkeys were sold on the morning of September 7th to the Clemons Produce Company at Stilwell, and the check made payable to "B. O. Woolbright," the defendant herein. About one-half hour after the stolen turkeys had been sold, Lester Brashears came to the poultry house and identified the turkeys as his, and the officers immediately pursued the parties who had sold the turkeys to the Clemons Produce Company and arrested them and later arrested the defendant.

The defendant admitted that he had possession of the turkeys in question and that Bud Eads and John Gray, who had sold the turkeys to the Clemons Produce Com-

pany, had been employed by him to take the turkeys to Stilwell for the purpose of sale, and attempted to explain his possession of the turkeys by saying that he had purchased them from a man by the name of Smith. He did not know where Smith lived, and had never seen him before the purchase, and had not seen him since. Defendant also admitted that he had never purchased turkeys prior to this time.

The defendant complains, first, that the court erred in overruling his demurrer to the information, for the reason that the same is duplicitous and is insufficient to charge an offense under the laws of the state. The charging part of the information is as follows:

"That is the said B. O. Woolbright in the county and state aforesaid on the day and year aforesaid, did, then and there unlawfully, wrongfully, stealthily, fraudulently and feloniously in the night time take, steal and carry away without the knowledge and consent and against the will of one Andy Brashears and Lester Brashears, twenty-seven turkeys the personal property of the said Andy Brashears and Lester Brashears with the unlawful, fraudulent and felonious intent then and there on the part of him the said B. O. Woolbright to deprive the said Andy and Lester Brashears of said property and to convert the same to the use and benefit of him the said B. O. Woolbright, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Oklahoma."

The particular complaint which the defendant makes is that the information charges two offenses, in that it charges ownership in two different persons. In People v. Sichofsky, 58 Cal. App. 257, 208 Pac. 340, the rule is stated thus:

"Where several articles were stolen at the same time and from the same place, the offense may be charged as one

crime, and in a single count, though the ownership is in different persons."

In the case of Sanders v. State, 35 Okla. Cr. 139, 249 Pac. 356, this court said:

"Where the offense of grand larceny is charged in an information and it is alleged that the property, the subject of the larceny, belonged to three persons, proof that the three persons owned in severalty different items of the property sufficiently supports the allegation of ownership."

In the body of the opinion at page 141 of 38 Okla. Cr., the court said:

"It is first argued that there is a fatal variance between the allegation of ownership of the stolen cotton and the proof. The allegations are that the cotton was owned by Nickles, Boydston, and Sewell, and the proof is that the cotton belonged, one bale to Nickles, one bale to Boydston, and one to Sewell. Section 2560, Comp. Stat. 1921, provides that when an offense involves the commission of a private injury, and is described with sufficient certainty in every respect to identify the act, an erroneous allegation as to the person injured is not material. Gunter v. State, 16 Okla. Cr. 476, 184 Pac. 797; Leyerle v. State, 31 Okla. Cr. 179, 237 Pac. 871; Carson v. State, 30 Okla. Cr. 438, 236 Pac. 627; Jackson et al. v. State, 31 Okla. Cr. 30, 237 Pac. 129."

"The allegation of ownership and the proof in support of it are sufficient to satisfy the requirements of the law in this particular. There is no material variance." Shuford v. State, 4 Okla. Cr. 513, 113 Pac. 211; State v. Butts, 42 Wash. 455, 85 Pac. 33.

It is true that on a rehearing this case was reversed for insufficient evidence and because of other errors occurring at the trial. See Sanders v. State, 43 Okla. Cr. 69, 277 Pac. 605. But, notwithstanding such reversal, the true rule by which the information in the case at bar

should be tested is laid down in the original opinion in Sanders v. State, supra. The information in the case at bar was not duplicitous, and the demurrer of the defendant thereto was properly overruled.

Defendant next contends that the court erred in denying his motion to advise the jury to return a verdict of not guilty. There being sufficient competent evidence in the record to support a verdict of guilty, the motion was properly overruled.

The defendant next contends that the court erred in overruling the motion of defendant to require the state to elect upon which one of the two offenses alleged in the information it would rely for a conviction. Since the information charged but one offense, the motion was properly overruled. The defendant complains of other errors, but an examination of the record discloses that none of the errors complained of are sufficient to require a reversal of the case.

For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.