## FRED COPELAND v. STATE.

No. A-    .   Opinion Filed May 23, 1931.
(299 Pac. 512.)

Wilkinson & Wilkinson, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county of burglary in the second degree and his punishment fixed at two years' imprisonment.

Defendant was charged jointly with Willard Parker and Ed Middleton with burglary of a smokehouse of one Gray.   A severance was taken, and defendant was tried alone.   There is no question but what the burglary was

committed as charged and a quantity of meat stolen at the time. Some two weeks afterwards a part of this meat was found at the house of one Vaughan. Vaughan testified that on the Monday following the burglary on Saturday they were at Duncan. Defendant and Parker invited him and some members of his family to ride in their car to the Vaughan home, which they did. When they arrived there Parker stated they had some junk they had to store somewhere and wanted to know if he could leave it there. That night Parker and defendant brought the meat to the Vaughan home and put it in a box in the kitchen. On the following Friday Parker came and took some of it and stated at the time that defendant was outside. This meat was later found in the home of defendant. There are several other incriminating circumstances not necessary to state. The defense is alibi.

It is first alleged that the evidence is insufficient. As may be expected in cases of this kind, the evidence is circumstantial, but sufficient circumstances are proven from which a reasonable and logical inference of guilt arises and which excludes any reasonable hypothesis except that of the guilt of defendant. The evidence is conflicting, but the jury saw and heard the witnesses and were in a position to determine the credibility and the weight and value of the testimony. This court should not disturb the verdict as unsupported by or contrary to the evidence. Browning v. State, 31 Okla. Cr. 373, 239 Pac. 272; Wilson v. State, 32 Okla. Cr. 139, 240 Pac. 155; Halbert v. State, 35 Okla. Cr. 329, 250 Pac. 436.

It is also argued that the court erred in admitting incompetent evidence. This assignment is directed to the testimony of the witness Vaughan, and particularly to his testimony that when Parker, the codefendant, came to the house of the witness and took some of the meat, he

stated that defendant was outside. The objection to this testimony is that it was a statement of the coconspirator after the conspiracy had terminated. It is well settled that a declaration made by a coconspirator after the conspiracy has terminated and not in the presence of the accused is not admissible. It is also held that a conspiracy to commit a crime is not terminated until the fruits of the crime have been divided. Price v. State, 1 Okla. Cr. 359, 98 Pac. 447; Stockton v. State, 5 Okla. Cr. 310, 114 Pac. 626; Crawford v. State, 35 Okla. Cr. 135, 248 Pac. 880; Sanders v. State, 35 Okla. Cr. 139, 249 Pac. 356.

Upon a consideration of the whole case, it appears that defendant was fairly tried, the evidence reasonably sustains the judgment, and no prejudicial error is apparent.

The case is affirmed.

CHAPPELL, J., concurs. DAVENPORT, P. J., absent, not participating.